FILED

08 JAN 11 AM 11: 31

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN DELGADO-FIERRO<br><br>Defendant. | Criminal Case No. 07MJ2944<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), this Court conducted a bond hearing on January 8, 2008, to determine whether the Court should order that Juan Delgado-Fierro (the "Defendant") should be held in custody pending trial, on the grounds that he is a risk of flight. Assistant United States Attorney Charlotte E. Kaiser appeared on behalf of the United States. Adriana Cordoba, Esq. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States, the Defendant, the Pretrial Services Report, the Complaint and accompanying Statement of Facts, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. Accordingly, the Court orders that the Defendant be detained pending trial.

//

//

# I.

## FINDINGS OF FACT

**A.     Nature and Circumstances of the Offense Charged (18 U.S.C. § 3142(g)(1))**

1.      The Defendant is charged in Criminal Case No. 07MJ2944 with knowingly and intentionally possessing 377.565 kilograms or 832.39 pounds of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

2.      The charged offense is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C. § 801 *et seq.*). Thus, there arises a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. *See* 18 U.S.C. § 3142(e).

3.      The offense carries with it a mandatory minimum five year sentence and a maximum forty year sentence. *See* 21 U.S.C. § 960(b)(1)(B)(vii).

**B.     Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2))**

1.      On December 19, 2007, an agent with the United States Border Patrol was patrolling an area southeast of the border patrol station in Campo, California.  The agent observed two vehicles, a Ford sport utility vehicle ("SUV") and a GMC SUV traveling northbound at a high rate of speed on Birdman's Access Road, which is known to agents for being used in smuggling operations.  The agent began to follow the vehicles.  When the vehicles reached Highway 94, the Ford SUV turned west and the GMC SUV turned east.  The agent followed the GMC SUV and notified other agents to follow the Ford SUV.  The agent activated his emergency lights and sirens but the driver of the GMC SUV failed to yield and continued east.  The driver then made a sharp turn into a ranch and drove through a locked gate.  The agent followed the GMC SUV until it came to a stop.  When it stopped, the driver, later identified as the Defendant, ran from the vehicle into an open field.  The agent went to the vehicle and noticed a large number of bundles underneath a blanket and the smell of marijuana.  The agent then gave chase after the Defendant and apprehended him.  Agents ended up removing 377.565 kilograms or 832.39 pounds of marijuana from the GMC SUV.

2.      Agents also stopped the Ford SUV.  The driver of the Ford SUV was a juvenile

2

although the Defendant maintains that he did not know that the driver was a juvenile. The agents found 325.112 kilograms or 716.75 pounds of marijuana in the Ford SUV.

3.    The Defendant received his Miranda rights and agreed to speak with the agents. He stated that he used to be employed as a foot guide for an individual named Manuel Pena. Pena helped smuggle him into the United States on July 13, 2001 for which he owed Pena $2,000. The Defendant, however, was arrested on July 13, 2001 for illegal entry and thus never repaid Pena. The United States stated that the Defendant told the agents that he agreed to smuggle the marijuana into the United States to erase his debt to Pena and once he was dropped off near the international border, he retrieved the GMC SUV that already was loaded with the marijuana. The Defendant stated to the Court that he was forced by gun point to smuggle the drugs to take care of the debt and so he smuggled the drugs under duress.

**C.    History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))**

1.    The Defendant is a citizen and national of Mexico with no legal right to enter or remain in the United States.

2.    The Defendant has been employed as a cook in Mexico for the past six months.

3.    The Defendant has resided in Monterrey, Mexico for the past ten months; prior to that time period, he resided in Tijuana, Mexico for the past twenty years.

4.    The Defendant is divorced and has four grown children in Mexico. He has no family in the United States.

5.    The Defendant stated for the record that he has had no failures to appear in any court proceeding. The Defendant has the following criminal history:

02/08/1995 -    Misdemeanor conviction for illegal entry and alien smuggling in the Southern District of California, resulting in a 45 day sentence.

04/08/1997 -    Felony conviction for harboring illegal aliens in the Central District of California, resulting in 2 years supervised release. Probation or supervised release revoked on 05/14/1999.

02/01/1998 -    Felony conviction for alien smuggling and attempted re-entry after deportation in the Southern District of California. Probation or supervised release revoked on 12/20/2001.

07/13/2001 -    Felony conviction for alien smuggling in the Southern District of California, resulting in a 30 month sentence and 3 years supervised release.

3

**D.      Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4))**

1.      The United States stated that the nature of the crime and the Defendant's criminal history suggested that release of the Defendant would pose a danger to the community.

## II.

## REASONS FOR DETENTION

A.      There is probable cause to believe that the Defendant committed the offense charged in Criminal Case No. 07MJ2944, to wit: The knowing and intentional possession of 377.565 kilograms or 832.39 pounds of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

B.      The Defendant has not rebutted the presumption, based on the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), that no condition or combination of conditions will reasonable assure the appearance of the Defendant at future court proceedings.

C.      The Defendant faces a mandatory minimum of five years in custody if convicted of the offense charged in the Complaint.

D.      The Defendant has no ties to the United States.

E.      The Defendant attempted to flee from the United States Border Patrol agent.

F.      The seriousness of the offense and penalty that the Defendant faces demonstrate that he likely is to flee this jurisdiction.

## III.

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4

1    While in custody, upon order of a court of the United States or upon the request of an

2 attorney for the United States, the person in charge of the correctional facility shall deliver the

3 Defendant to the United States Marshal for the purpose of an appearance in connection with a court

4 proceeding or any other appearance stipulated to by defense and government counsel.

5

6    THIS ORDER IS ENTERED WITHOUT PREJUDICE.

7    IT IS SO ORDERED.

8

9
DATED: January 9, 2008.

10
THE HONORABLE WILLIAM McCURINE, JR.

11
United States Magistrate Judge
United States District Court for the

12
Southern District of California

13 Prepared by:

14 KAREN P. HEWITT
United States Attorney

15

16 /s/Charlotte E. Kaiser
CHARLOTTE E. KAISER

17 Assistant United States Attorney

18

19 cc:    Adriana Cordoba, Esq., Attorney for the Defendant

20

21

22

23

24

25

26

27

28